**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4588**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CHRISTOPHER QUINN MOSES,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (CR-01-151)

———————

Submitted:  March 10, 2004        Decided:  April 14, 2004

———————

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant. Robert James Conrad, Jr., United States Attorney, Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Quinn Moses appeals his convictions and sentence following his guilty plea to four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and using or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). Moses's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, he challenges the district court's calculation of Moses's criminal history category, its application of various sentencing enhancements, and whether counsel rendered effective assistance. The Government elected not to file a responding brief and, although informed of his right to do so, Moses did not file a pro se supplemental brief. In accordance with Anders, we have considered the brief and examined the entire record for meritorious issues. Finding no error, we affirm.

In a written plea agreement, Moses waived his right to appeal his conviction and sentence either directly or in post-conviction proceedings, with the exception of claims of prosecutorial misconduct and ineffective assistance of counsel. It is well-settled that a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742, as long as it is the result of a knowing and intelligent decision to forego the right to appeal. United States v. Wessells, 936 F.2d 165 (4th Cir.

- 2 -

1991).  Because Moses's waiver was knowing and intelligent, he may not appeal the district court's calculation of his criminal history category or its application of various sentence enhancements.

While Moses did not waive the right to appeal on the basis of ineffective assistance of counsel, such claims generally should be asserted on collateral review, not on direct appeal, unless the record conclusively shows ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Moses's present counsel had not yet been appointed to represent him at the time of the alleged ineffective assistance.  Moreover, even if she is deemed to have been representing Moses at the time she rendered advice that he now asserts was defective, he cannot make the requisite showing under Strickland v. Washington, 466 U.S. 668, 687-88 (1984), that he was prejudiced as a result of counsel's alleged deficient performance.  Thus, because the record does not conclusively show ineffective assistance, we dismiss this claim without prejudice.

In accordance with Anders, we have reviewed the entire record in this case, including the Fed. R. Crim. P. 11 and sentencing transcripts, and have found no meritorious issues for appeal.  We therefore affirm Moses's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on Moses.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED